```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF VIRGINIA

                   Alexandria Division
```

| | |
|---|---|
| AFAF KANAZEH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIVIL ACTION 1:03cv836(JCC) |
| v. ) | |
| ) | |
| SUNTRUST CORP., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## M E M O R A N D U M   O P I N I O N

This matter comes before the Court on motion of Plaintiff, Afef Kanazeh, pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court will deny Plaintiff's motion.

### I. Background

Plaintiff brought suit against her former bank, Suntrust Bank Inc. ("Suntrust"), and the three major credit agencies, TransUnion LLC, Equifax Direct Marketing Solutions Inc., and Experian Information Solutions ("Experian"). She alleged that Suntrust dishonored her checks, resulting in an adverse credit rating with the credit agencies. She further alleged that the credit agencies then reported this information to third parties, constituting acts of negligence and defamation, and leading to financial and emotional injuries. Plaintiff filed

this suit on June 25, 2003[1], and filed an amended Complaint on September 30, 2003.  The Court granted Defendant TransUnion's motion to dismiss on January 16, 2004, Defendant Experian's motion for summary judgment on September 27, 2004, and Defendant SunTrust's motion for summary judgment on December 7, 2004.  Plaintiff filed this Motion, styled a motion for "Relief from Judgment or Order" pursuant to Rule 60(b)(3), on September 15, 2004.  This Motion is currently before the Court.

## II. Analysis

Rule 60(b)(3) allows a party to seek relief from a final judgment or order upon a claim of fraud, misrepresentation, or other misconduct of an adverse party.  Fed R. Civ. P. 60(b)(3).  A party seeking Rule 60(b)(3) relief must "prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense."  *Square Constr. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981).  Plaintiff has failed to submit any evidence whatsoever of fraud, misrepresentation, or misconduct by an adverse party.  In

---

[1] Kanazeh had originally filed a more convoluted complaint where she brought suit against Suntrust Bank Inc., Trust Company of Georgia, and twenty-four individual defendants. In that complaint, she alleged that the Defendants engaged in fraud, including mail & wire fraud, invasion of privacy, defamation, tortious interference with her contractual relationships, intentional and negligent infliction of emotional distress, and Civil RICO. She alleged jurisdiction under 28 U.S.C. § 1331 (alleging a violation of Civil Rico, 18 U.S.C. § 1962), 28 U.S.C. § 1332, and 28 U.S.C. § 1367.  This complaint was replaced with a second complaint that was presented during the hearing on September 5, 2003.  Both complaints were stamped to indicate that they were filed on June 25, 2003.

fact, Plaintiff has not even specified the judgment of this Court from which she seeks relief.  Accordingly, the Court will deny Plaintiff's Rule 60(b)(3) motion.

       Plaintiff has also attached a new complaint, dated September 15, 2005, to her Rule 60(b)(3) motion.  This new complaint purports to be filed under Civil Action Number 03-836, yet raises new allegations and names six new defendants:  Yuen Real Estate Investment, LLC, Koo Yuen, Euclid Coro, Inc., Capital One Master Card, Riggs Bank, and Chevy Chase Bank.  Essentially, Plaintiff either is seeking to amend a complaint that has already been dismissed or is attempting to file an entirely new complaint under the guise of Civil Action Number 03-836.  With respect to the former, this Court clearly cannot grant leave to amend a complaint that has already been dismissed.  To the extent Plaintiff is attempting the latter, the Court finds it necessary to remind her once again that she cannot file a complaint in this Court without having satisfied the conditions set forth in the Order entered by the Honorable Gerald Bruce Lee on October 21, 2003.  If Plaintiff wishes to bring suit against these six entities, she can request leave of the magistrate to bring a new case pursuant to Judge Lee's pre-filing injunction. *See Kanazeh v. Equifax Credit Reporting*, No. 02-969 (E.D. Va. Oct. 21, 2003) (order imposing pre-filing injunction).  These claims must be brought as a separate case, however, and not as part of the dismissed lawsuit.  The Court

simply will not permit this attempt at an end run around the pre-filing injunction.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for relief pursuant to Rule 60(b)(3) will be denied.  Furthermore, Plaintiff's additional complaint will not be allowed in this action.  The parties named in her additional complaint will not be added and any claims against those parties will be dismissed.  An appropriate Order will issue.


October 24, 2005                              /s/
Alexandria, Virginia                    James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE