```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA

                     Alexandria Division

AFAF KANAZEH,                   )
                                )
     Plaintiff,                 )
                                )
                                )     CIVIL ACTION 1:03cv836(JCC)
           v.                   )
                                )
SUNTRUST CORP., et al.,         )
                                )
     Defendants.                )
```

## <u>M E M O R A N D U M   O P I N I O N</u>

This matter comes before the Court on Plaintiff's Motion for a certificate of appealability. For the reasons stated below, the Court will deny Plaintiff's Motion.

### **I. Background**

Plaintiff, Afaf Kanazeh, brought suit against her former bank, Suntrust Bank Inc. ("Suntrust"), and the three major credit agencies, TransUnion LLC, Equifax Direct Marketing Solutions Inc., and Experian Information Solutions ("Experian"). She alleged that Suntrust dishonored her checks, resulting in an adverse credit rating with the credit agencies. She further alleged that the credit agencies then reported this information to third parties, constituting acts of negligence and defamation, and leading to financial and emotional injuries. Plaintiff filed

this suit on June 25, 2003[1] and filed an amended Complaint on September 30, 2003.  The Court granted Defendant TransUnion's motion to dismiss on January 16, 2004, Defendant Experian's motion for summary judgment on September 27, 2004, and Defendant SunTrust's motion for summary judgment on December 7, 2004.  Plaintiff subsequently filed a Motion for relief from the Court's judgment pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure.  The Court denied that Motion on October 24, 2005.  The present Motion seeks a certificate of appealability with respect to that ruling.

## II. Analysis

Plaintiff has been enjoined from filing appeals in the Fourth Circuit unless her appeal has been certified as not frivolous.  *See Kanazeh v. Microsoft Corp.*, 69 Fed. Appx. 154 (4th Cir. 2003).  Although Plaintiff has provided no intelligible detail regarding the nature of her contemplated appeal, the Court will assume that Plaintiff intends to appeal the Court's Orders granting Defendant TransUnion's Motion to dismiss, granting the summary judgment Motions of the other defendants, and denying

---

[1] Kanazeh had originally filed a more convoluted complaint where she brought suit against Suntrust Bank Inc., Trust Company of Georgia, and twenty-four individual defendants. In that complaint, she alleged that the Defendants engaged in fraud, including mail & wire fraud, invasion of privacy, defamation, tortious interference with her contractual relationships, intentional and negligent infliction of emotional distress, and civil violations of RICO.  She alleged jurisdiction under 28 U.S.C. § 1331 (alleging a violation of civil Rico, 18 U.S.C. § 1962), 28 U.S.C. § 1332, and 28 U.S.C. § 1367.  This complaint was replaced with a second complaint that was presented during the hearing on September 5, 2003.  Both complaints were stamped to indicate that they were filed on June 25, 2003.

-2-

Plaintiff's Motion for relief pursuant to Rule 60(b)(3). Regardless, an appeal from any of the aforementioned Orders would be frivolous.

The Court premised its dismissal in favor of Defendant TransUnion on the doctrine of res judicata. *See Kanazeh v. SunTrust Corp.*, No. 03-836, slip op. at 3-5 (E.D. Va. Jan. 16, 2004). Specifically, the Court ruled that res judicata barred Plaintiff's claims because they were identical to claims against TransUnion previously ruled upon by Judge Lee in an Order that was affirmed by the Fourth Circuit. *See Kanazeh v. Trans Union Corp.*, No. 02-974 (E.D. Va. June 25, 2003), *aff'd*, *Kanazeh v. Trans Union Corp.*, No. 03-1434, 2003 U.S. App. LEXIS 20450 (4th Cir. Oct. 8, 2003). An appeal of a ruling on claims twice considered by this Court and already considered by the Fourth Circuit would certainly be frivolous.

The Court granted summary judgment to Defendants Experian and SunTrust because of the utter lack of evidence supporting Plaintiff's claims against them. *See Kanazeh v. Suntrust Corp.*, No. 03-836, slip op. at 3 (E.D. Va. Dec. 7, 2004); *Kanazeh v. Suntrust Corp.*, No. 03-836, slip op. at 3-5 (E.D. Va. Sept. 21, 2004). Likewise, the Court denied Plaintiff's Rule 60(b)(3) Motion due to Plaintiff's failure to submit even a scintilla of evidence of fraud, misrepresentation, or misconduct by an adverse party. *See Kanazeh v. Suntrust*

*Corp.*, No. 03-836, slip op. at 2-3 (E.D. Va. Oct. 24, 2005).  The Court has reviewed the documents that Plaintiff attached to the instant Motion and has not found even a modicum of additional evidence to support Plaintiff's claims.  Given the nature of the record built before this Court, the Court cannot conceive of a nonfrivolous issue that Plaintiff could raise on appeal.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for a certificate of appealability will be denied.  An appropriate Order shall issue.


December 19, 2005                          /s/
Alexandria, Virginia              James C. Cacheris
                          UNITED STATES DISTRICT COURT JUDGE