```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

AFAF KANAZEH,                    )
                                 )
     Plaintiff,                  )
                                 )
         v.                      )    1:03cv836(JCC)
                                 )
SUNTRUST CORP., et al.,          )
                                 )
     Defendants.                 )
```

### **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiff's Motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  For the reasons stated below, the Court will deny Plaintiff's Motion.

### I. Background

Plaintiff, Afaf Kanazeh, brought suit against her former bank, Suntrust Bank Inc. ("Suntrust"), and the three major credit agencies, TransUnion LLC, Equifax Direct Marketing Solutions Inc., and Experian Information Solutions ("Experian"). She alleged that Suntrust dishonored her checks, resulting in an adverse credit rating with the credit agencies.  She further alleged that the credit agencies then reported this information to third parties, constituting acts of negligence and defamation, and leading to financial and emotional injuries.  Plaintiff filed

this suit on June 25, 2003[1] and filed an amended Complaint on September 30, 2003.  The Court granted Defendant TransUnion's motion to dismiss on January 16, 2004, Defendant Experian's motion for summary judgment on September 27, 2004, and Defendant SunTrust's motion for summary judgment on December 7, 2004.

Plaintiff subsequently filed a Motion for relief from the Court's judgments pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure.  The Court denied that Motion on October 24, 2005.  Plaintiff then filed a Motion for a certificate of appealability.[2]  On December 19, 2005, this Court denied Plaintiff's Motion for a certificate of appealability.  On December 30, 2005, Plaintiff filed a Motion, styled "Plaintiff's Objection to Court Order [of] December 19, 2005," pursuant to Rules 60(b)(3), (4), and (5) of the Federal Rules of Civil Procedure.  This Motion is currently before the Court.

---

[1] Kanazeh had originally filed a more convoluted complaint where she brought suit against Suntrust Bank Inc., Trust Company of Georgia, and twenty-four individual defendants. In that complaint, she alleged that the Defendants engaged in fraud, including mail & wire fraud, invasion of privacy, defamation, tortious interference with her contractual relationships, intentional and negligent infliction of emotional distress, and civil violations of RICO.  She alleged jurisdiction under 28 U.S.C. § 1331 (alleging a violation of civil Rico, 18 U.S.C. § 1962), 28 U.S.C. § 1332, and 28 U.S.C. § 1367.  This complaint was replaced with a second complaint that was presented during the hearing on September 5, 2003.  Both complaints were stamped to indicate that they were filed on June 25, 2003.

[2] Plaintiff sought a certificate of appealability because she has been enjoined from filing appeals in the Fourth Circuit unless her appeal is certified as not frivolous.  *See Kanazeh v. Microsoft Corp.*, 69 Fed. Appx. 154 (4th Cir. 2003).

## II. Analysis

Rule 60(b)(3) allows a party to seek relief from a final judgment or order upon a claim of fraud, misrepresentation, or other misconduct of an adverse party.  Fed R. Civ. P. 60(b)(3).  A party seeking Rule 60(b)(3) relief must "prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense."  *Square Constr. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981).  In this case, Plaintiff has not submitted even a scintilla of evidence of misconduct that prevented her from fully and fairly seeking a certificate of appealability.  The instant Motion merely reiterates Plaintiff's original claims in her underlying civil action, which the Court fully addressed in its Memorandum Opinions of January 16, 2004, September 27, 2004, and December 7, 2004.

While the body of Plaintiff's Motion addresses alleged fraud, misrepresentation, or misconduct on the part of the Defendants, the heading of her Motion asserts that it is also filed pursuant to Rules 60(b)(4) and (5) of the Federal Rules of Civil Procedure.  Under Rule 60(b)(4), a court may grant relief from a final judgment, order, or proceeding where "the judgment is void."  Fed. R. Civ. P. 60(b)(4).  Rule 60(b)(5) applies where "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or

otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Fed. R. Civ. P. 60(b)(5). In spite of the title of her Motion, Plaintiff has submitted no evidence that either provision applies.  Due to Plaintiff's failure to submit evidence regarding the applicability of Rules 60(b)(3), (4), or (5), the Court will deny her Motion.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure will be denied.  An appropriate Order shall issue.


January 23, 2006                         /s/
Alexandria, Virginia              James C. Cacheris
                            UNITED STATES DISTRICT COURT JUDGE