IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| AFAF KANAZEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | 1:03cv836(JCC) |
| v. | ) | |
| | ) | |
| SUNTRUST CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiff's motion.  For the reasons stated below, the Court will deny Plaintiff's motion and dismiss any new claims set forth therein.

**I. Background**

Plaintiff, Afaf Kanazeh, brought suit against her former bank, Suntrust Bank Inc. ("Suntrust"), and the three major credit agencies, TransUnion LLC, Equifax Direct Marketing Solutions Inc., and Experian Information Solutions ("Experian").  She alleged that Suntrust dishonored her checks, resulting in an adverse credit rating with the credit agencies.  She further alleged that the credit agencies then reported this information to third parties, constituting acts of negligence and defamation, and leading to financial and emotional injuries.  Plaintiff filed this suit on June 25, 2003[1], and filed an amended Complaint on

---

[1]Kanazeh had originally filed a more convoluted complaint where she brought suit against Suntrust Bank Inc., Trust Company of Georgia, and twenty-four individual defendants. In that complaint, she alleged that the Defendants engaged in fraud, including mail & wire fraud, invasion of privacy,

September 30, 2003.  The Court granted Defendant TransUnion's
motion to dismiss on January 16, 2004, Defendant Experian's
motion for summary judgment on September 27, 2004, and Defendant
SunTrust's motion for summary judgment on December 7, 2004.  The
instant motion, which is titled a "Notice of Claim Gross Claim
and Third-Party Claim in Fraud Liability," was filed on April 12,
2006.  This Motion is currently before the Court.

## II. Analysis

        Plaintiff's motion sets forth a new claim of fraud
against SunTrust and against two individuals named Anne and
William Lowther, neither of which were parties to Plaintiff's
original lawsuit.  As has been her practice before, Plaintiff
clearly is either seeking to amend a complaint that has already
been dismissed or is attempting to file an entirely new complaint
under the guise of Civil Action Number 03-836.  With respect to
the former, this Court clearly cannot grant leave to amend a
complaint that has already been dismissed.  To the extent
Plaintiff is attempting the latter, the Court finds it necessary
to remind her, yet again, that she cannot file a complaint in
this Court without having satisfied the conditions set forth in

_____

defamation, tortious interference with her contractual relationships,
intentional and negligent infliction of emotional distress, and Civil RICO.
She alleged jurisdiction under 28 U.S.C. § 1331 (alleging a violation of Civil
Rico, 18 U.S.C. § 1962), 28 U.S.C. § 1332, and 28 U.S.C. § 1367. This
complaint was replaced with a second complaint that was presented during the
hearing on September 5, 2003. Both complaints were stamped to indicate that
they were filed on June 25, 2003.

the Order entered by the Honorable Gerald Bruce Lee on October 21, 2003.  If Plaintiff wishes to bring this new claim against SunTrust or to bring suit against the Lowthers, she can request leave of the magistrate to bring a new case pursuant to Judge Lee's pre-filing injunction.  *See Kanazeh v. Equifax Credit Reporting*, No. 02-969 (E.D. Va. Oct. 21, 2003) (order imposing pre-filing injunction).  These claims must be brought as a separate case, however, and not as part of the dismissed lawsuit. The Court admonishes Plaintiff, once again, that it will not permit any attempt at an end run around the prefiling injunction.

### III.  Conclusion

        For the foregoing reasons, Plaintiff's "Notice of Claim Gross Claim and Third-Party Claim in Fraud Liability" will be denied.  Furthermore, the parties named in Plaintiff's Notice will not be added to this action.  An appropriate Order will issue.

April 25, 2006              _____/s/_____
Alexandria, Virginia              James C. Cacheris
                         UNITED STATES DISTRICT COURT JUDGE